UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BROADCAST MUSIC, INC.;　　　　　　　　　)
CONCORD MUSIC GROUP, INC.　　　　　　　)
d/b/a JONDORA MUSIC;　　　　　　　　　　)
EMI VIRGIN SONGS, INC. d/b/a EMI　　　　　)
LONGITUDE MUSIC;　　　　　　　　　　　　)
HOUSE OF CASH, INC.;　　　　　　　　　　　)
SCREEN GEMS-EMI MUSIC, INC.; and　　　　)
ABKCO MUSIC, INC.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　　　　)　　CIVIL ACTION NO.: _____
　　　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
RED PARROT INC. d/b/a THE RED　　　　　　)
　　　　PARROT;　　　　　　　　　　　　　　)
BEATRICE E. D'ANGELO, and　　　　　　　　)
RICHARD D'ANGELO, each individually,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　　)

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows. All factual allegations contained herein concerning the plaintiffs are made on knowledge; all other allegations are made on information and belief.

JURISDICTION AND VENUE

1.　　　This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §1338(a).

2.　　　Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Concord Music Group, Inc. is a corporation doing business as Jondora Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Virgin Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff ABKCO Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Defendant Red Parrot Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, which operates, maintains and controls an establishment

known as The Red Parrot, in Hull, Massachusetts, in this district (the "Establishment").

11. The legal address of the Establishment is 254-258 Nantasket Avenue, Hull, MA 02045, though the Establishment advertises its business address as 1 Hull Shore Drive, also in Hull. Defendant Red Parrot, Inc.'s resident agent for service of process is Richard D'Angelo, with an office address at 256 Nantasket Avenue in Hull.

12. In connection with the operation of the Establishment, defendant Red Parrot Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Red Parrot Inc. has a direct financial interest in the Establishment.

14. Defendant Beatrice E. D'Angelo is a resident of Massachusetts with a residential address at 90 Atlantic Avenue, Hull, MA 02045 . She is President, Treasurer, and sole Director of defendant Red Parrot Inc. with responsibility for the operation and management of that corporation and the Establishment.

15. Defendant Beatrice E. D'Angelo has the right and ability to supervise the activities of Defendant The Grand Canal, Inc. and a direct financial interest in that corporation and the Establishment.

16. Defendant Richard D'Angelo is a manager of the Establishment with direct day-to-day responsibility for its activities including the public performance of music. He is also the owner of the building in which the Establishment is located, at the 256 Nantasket Avenue address in Hull. He has the right and ability to supervise the activities of defendant Red Parrot Inc. and a direct financial interest in the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 16.

18. Plaintiffs allege eight (8) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights have been infringed by Defendants. The Schedule contains information on the eight (8) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

20. For each of the musical compositions identified on the Schedule, the person(s)

named on Line 3 was the creator of that musical composition.

21. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Date: December 18, 2012

By their attorney,

/s/ William S. Strong
William S. Strong, Esq. BBO #483520
Kotin, Crabtree & Strong, LLP
One Bowdoin Square
Boston, MA 02114
Tel: 617-227-7031
Fax: 617-367-2988
strong@kcslegal.com

**VERIFICATION**

STATE OF TENNESSEE    )
                     ) ss.:
COUNTY OF DAVIDSON   )

Lawrence E. Stevens, being duly sworn, deposes and says:

I am an Assistant Vice President, General Licensing, for Plaintiff Broadcast Music, Inc. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
Lawrence E. Stevens

Sworn to before me this
14th day of December 2012.

_____
Notary Public

[SEAL: ANDREA F. KAMINSKI, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, TENN.]

My Commission Expires JULY 8, 2013